1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

GAIL MORAN,

               Plaintiff,

     v.

MENU FOODS, a foreign corporation,

               Defendant.

No.   CV 07-0576 JCC

STIPULATION AND [PROPOSED]
ORDER STAYING ALL
PROCEEDINGS AND FOR
PRESERVATION OF EVIDENCE

WHEREAS, this case is one of over sixty (60) putative class actions filed in this court and several other courts throughout the country for damages and injunctive relief, arising from the manufacture, distribution and/or sale of pet food products by Defendant Menu Foods.

WHEREAS, on March 30, 2007, plaintiffs in this jurisdiction filed a Motion for Transfer and Consolidation of Related Actions to the Western District of Washington Under 28 U.S.C. § 1407. Other parties have moved for transfer of all related actions to the Southern District of Florida, the Central District of California, the District of New Jersey, and the Northern District of Illinois.

WHEREAS, the MDL Panel will determine whether all actions, including this action, should be transferred and coordinated and/or consolidated under 28 U.S.C. § 1407 for pretrial

STIPULATION AND [PROPOSED] ORDER
STAYING ALL PROCEEDINGS AND FOR
PRESERVATION OF EVIDENCE - CV 07-0576
JCC - 1

GARDNER BOND TRABOLSI PLLC
A T T O R N E Y S
2200 SIXTH AVENUE, SUITE 600
SEATTLE, WASHINGTON 98121
TELEPHONE (206) 256-6309
FACSIMILE (206) 256-6318

Dockets.Justia.com

1  proceedings. The MDL Panel has set this matter for hearing on May 31, 2007 in Las Vegas,

2  Nevada; and

3        WHEREAS, the parties believe that in the short intervening time between now and a

  decision by the MDL Panel on transfer and coordination and/or consolidation, a stay of these

4  proceedings will conserve party and judicial resources.

5        IT IS HEREBY STIPULATED by and between Plaintiff and Defendant Menu Foods,

6  through their designated counsel that this matter, including the deadlines for the parties to

7  participate in class certification and other pretrial proceedings, be stayed pending the

8  establishment of *In re: Pet Food Products Liability Litigation*, MDL Docket No. 1850, and

  the potential subsequent transfer of this case for coordinated pretrial proceedings with other

9  actions pending throughout the country.

10       All parties shall, during the pendency of the stay of this matter, comply with their duty

11 to preserve all evidence that may be relevant to this action. This duty extends to documents,

12 electronic data, and tangible things in the possession, custody and control of the parties to this

13 action, and any employees, agents, contractors, or carriers who possess materials reasonably

14 anticipated to be the subject of discovery in this action. "Preservation" is to be interpreted

  broadly to accomplish the goal of maintaining the integrity of all documents, data and tangible

15 things reasonably anticipated to be the subject of discovery under Fed. R. Civ. P. 26, 45 and

16 56(e) in this action. Preservation includes taking reasonable steps to prevent the partial or full

17 destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration,

18 theft, or mutation of such material, as well as negligent or intentional handling that would

19 make material incomplete or inaccessible. If the business practices of any party involve the

  routine destruction, recycling, relocation, or mutation of materials, the party must, to the

20 extent practicable for the pendency of this order, either:

21           i)     halt such business practices;

22           ii)    sequester or remove such material from the business process; or

23

STIPULATION AND [PROPOSED] ORDER
STAYING ALL PROCEEDINGS AND FOR
PRESERVATION OF EVIDENCE – CV 07-0576
JCC - 2

GARDNER BOND TRABOLSI PLLC
A T T O R N E Y S
2200 SIXTH AVENUE, SUITE 600
SEATTLE, WASHINGTON 98121
TELEPHONE (206) 256-6309
FACSIMILE (206) 256-6318

1            iii)    arrange for the preservation of complete and accurate duplicates or

2                 copies of such material, suitable for later discovery if requested.

3    IT IS SO STIPULATED.

4    Dated:  May 7, 2007              Respectfully submitted,

5                            HAGENS BERMAN SOBOL SHAPIRO LLP

6                            By _____ /s/ Steve W. Berman (via written authorization)

7                                  STEVE W. BERMAN, WSBA No. 12536
                              Attorneys for Plaintiff

8    Dated:  May 7, 2007              Respectfully submitted,

9                            MYERS & COMPANY

10

11                           By _____ /s/ Michael D. Myers (via written authorization)
                              MICHAEL D. MYERS, WSBA No. 22486

12                                 Attorneys for Plaintiff

13   Dated:  May 7, 2007              Respectfully submitted,

14                           GARDNER BOND TRABOLSI PLLC

15

16                           By _____ /s/ Jeffrey T. Kestle
                              JEFFREY T. KESTLE, WSBA No. 29648

17                                 Attorneys for Defendant

18                         **ORDER**

19   PURSUANT TO STIPULATION, IT IS SO ORDERED.

20                       Dated: _____

21

22                           _____
                      THE HONORABLE JOHN C. COUGHENOUR

23                         JUDGE, UNITED STATES DISTRICT COURT

STIPULATION AND [PROPOSED] ORDER
STAYING ALL PROCEEDINGS AND FOR
PRESERVATION OF EVIDENCE – CV 07-0576
JCC - 3

GARDNER BOND TRABOLSI PLLC
A T T O R N E Y S
2200 SIXTH AVENUE, SUITE 600
SEATTLE, WASHINGTON 98121
TELEPHONE (206) 256-6309
FACSIMILE (206) 256-6318